IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00192-LTB-CBS

LINDA SANDERS,
    Plaintiff,
v.

MARGARET FUNK,
COLORADO ATTORNEY REGULATORY BOARD, and
SUPREME COURT STATE OF COLORADO,
    Defendants.
_____

RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Defendants' "Motion to Remand Pursuant to 28 U.S.C. § 1447(c) and to Abstain" (filed February 15, 2007) (doc. # 6); and (2) "Linda Sanders' Motion for Leave to File Surreply to Address Newly Raised Issue" (filed March 12, 2007) (doc. # 13). Pursuant to the Order of Reference dated January 29, 2007 (doc. # 3) and the memoranda dated February 16, 2007 (doc. # 7) and March 13, 2007 (doc. # 14), these matters were referred to the Magistrate Judge. The court has reviewed the pending matters, Ms. Sanders' Response (filed February 20, 2007) (doc. # 9), Defendants' Reply (filed March 8, 2007) (doc. # 12), Defendants' Response (filed March 13, 2007) (doc. # 15), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    This civil action arose out of a request for investigation of the unauthorized practice of law. (*See* attachment to Notice of Removal (doc. # 1-2) at pp. 3, 4 of 47). Pursuant to Colorado's Unauthorized Practice of Law Rules, the Office of Attorney Regulation Counsel for the Colorado Supreme Court commenced an investigation into Ms. Sanders' alleged

1

unauthorized practice of law.  (*See* doc. # 1-2 at pp. 3-22 of 47).  Pursuant to Rule 232.5(f) of the Unauthorized Practice of Law Rules, Regulation Counsel issued a Notice to Take Deposition and a Subpoena to Produce.  (*See* doc. # 1-2 at pp. 24-26 of 47).  Ms. Sanders moved to quash the Notice to Take Deposition and a Subpoena to Produce.  (*See* doc. # 1-2 at pp. 28-42 of 47).  On January 25, 2007, the Colorado Supreme Court denied Ms. Sanders' Petition to Quash.  (*See* doc. # 1-2 at p. 47 of 47).

On January 26, 2007, Ms. Sanders filed a "Notice of Removal. . ." and "Verified Counterclaim" pursuant to 28 U.S.C. § 1441(a) and (b) and § 1443(1).  (*See* docs. # 1 and # 2; *see also* Verified Amended Counterclaim (doc. # 10)).  Ms. Sanders alleges that this civil action "is removable because the Plaintiff/Petitioner in the state action (Attorney Regulation Counsel, by and through the Colorado Supreme Court) is moving against Linda Sanders without jurisdiction, and threatening Sanders with fines and jail; and because the state action involves federal questions under 28 U.S.C. 1331."  (*See* Notice of Removal (doc. # 1) at p. 1).  In her "Verified Amended Counterclaim," Ms. Sanders alleges that Assistant Regulation Counsel, the Office of Attorney Regulation Counsel, the Unauthorized Practice of Law Committee, and the Colorado Supreme Court violated her rights under the Fourth and Fifth Amendments to the United States Constitution and tortiously interfered with a contract.  (*See* doc. # 10).

Defendants move pursuant to 28 U.S.C. § 1447(c) for remand to the Colorado Office of Attorney Regulation Counsel and the Unauthorized Practice of Law Committee of the Colorado Supreme Court based on lack of subject matter jurisdiction.  Defendants alternatively move for this court to abstain from hearing Ms. Sanders' claims pursuant to the *Younger* abstention doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971).

II.     Standard of Review

A.     28 U.S.C. § 1447

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.' " *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  A civil action is removable only if plaintiffs could have originally brought the action in federal court.  28 U.S.C. § 1441(a).  The court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

The remand of a case after removal to federal court is limited to the grounds specified in 28 U.S.C. § 1447(c), which states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . . The State court may thereupon proceed with such case.

*Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006).

Remand is authorized under § 1447(c) only when there is a defect in the removal procedure under § 1447(a) or if the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  *See also Miller,* 443 F.3d at 759 ("The two categories of remand within § 1447(c), . . . are remands for lack of subject matter jurisdiction and for defects in removal procedure"); *Kennedy v. Lubar*, 273 F.3d 1293, 1297 (10th Cir. 2001) ("Section 1447(c) specifically allows district courts to order remand if there has been a defect in removal procedure, or if it determines, at any time prior to final judgment, that it lacks subject matter jurisdiction") (internal quotation marks omitted).

B.     *Younger* Abstention Doctrine

"*Younger* abstention dictates that federal courts not interfere with state court

proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings -- when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). "The Supreme Court has established three factors to be relevant to [the court's] decision as to whether abstention is required under *Younger*." *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (citation omitted). "These factors ask [the court] to determine whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Chapman*, 472 F.3d at 749 (citation omitted). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Chapman*, 472 F.3d at 749 (internal quotation marks and citation omitted).

III. Analysis

A. Remand

Defendants seek remand under § 1447(c) because there is no basis for federal jurisdiction over this action. As the party invoking federal jurisdiction, Ms. Sanders bears "the burden of proving that federal jurisdiction is proper." *Plog v. Colorado Assn. of Soil Conservation Districts*, 841 F. Supp. 350, 351 (D. Colo. 1993). *See also Baby C v. Price*, 138 Fed. Appx. 81 (10th Cir. 2005) ("[t]he removing party has the burden to demonstrate the appropriateness of removal from state to federal court") (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Ms. Sanders argues that the federal court has jurisdiction over this action based upon her Counterclaims. However, "plaintiff's purported federal law counter claim does

not create federal question jurisdiction, nor can jurisdiction be conferred by counterclaim." *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 471 (1998) ("removal of a case to federal court may not be predicated on the presence of a federal defense") (citation omitted); *Baby C v. Price*, 138 Fed. Appx. at 81 ("Except for narrow circumstances not present here, 'a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law' ") (quoting *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005)).

Ms. Sanders further claims that Defendants are "impair[ing]" her "contract *authorized* by" the Power of Attorney Act, Colo. Rev. Stat. § 15-1-1301. (*See* doc. # 9 at p. 3 (emphasis in original)). However, the authorization to act under a power of attorney is not an authorization to practice law. Both state and federal courts agree that a statutory power of attorney may not be used to circumvent state law prohibitions on the unauthorized practice of law. *See, e.g.,* Title 28 U.S.C. § 1654 (federal law allows two types of representation in court: that by an attorney admitted to the practice of law by the applicable regulatory body, and that by a person representing himself); *Harris v. Philadelphia Police Dept.*, 2006 WL 3025882 (E.D. Pa. 2006) ("federal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action pro se with the plaintiff's power of attorney"); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (authority conferred on another by a power of attorney could not be used to circumscribe state laws that prohibit the practice of law by anyone other than a licensed attorney); *People ex rel. Field on Behalf of Field v. Crenshaw*, 138 A.D. 2d 765 (N.Y.A.D. 1988) ("New York law prohibits the practice of law in this state on behalf of anyone other than himself or herself by a person who is not an admitted member of the bar, regardless of the authority purportedly conferred by execution of a power of attorney"); *Shell*, 148 P.3d at 175 (relying on stipulation that statutory powers of attorney did not allow respondent to act as an attorney at law); *Kohlman v. Western Pennsylvania Hospital*, 652

A .2d 849, 852-53 (Pa. Super. 1994) (rejecting claim that an agent authorized to act for a pro se litigant may bring suit for that person as contrary to the constitution, the laws, and the public policy of Pennsylvania);  *Drake v. Superior Court*, 26 Cal. Rptr. 2d 829 (Cal. App. 4th 1994) (power of attorney is not a vehicle which authorizes an attorney in fact to act as an attorney at law).

Regulation of the unauthorized practice of law is a state matter. *Doyle v. Oklahoma Bar Assn.*, 998 F.2d 1559, 1569 n.6 (10th Cir. 1993) (citation omitted). "Article VI of the Colorado Constitution grants the Colorado Supreme Court jurisdiction to regulate and control the practice of law in Colorado to protect the public." *Smith v. Mullarkey*, 121 P.3d 890, 891 (Colo. 2005) (citations omitted), *cert. denied*, 126 S.Ct. 1792 (2006). "Colorado law prohibits the unauthorized practice of law, *i.e.*, the practice of law by a person who is not a licensed attorney in good standing with the State Bar." *People v. Shell*, 148 P.3d 162, 170 (Colo. 2006) (*en banc*) (citation omitted), *petition for cert. filed* (Mar 19, 2007). The Colorado Supreme Court's jurisdiction to regulate and control the practice of law in Colorado "is exclusive." *Smith v. Mullarkey*, 121 P.3d at 891 (citations omitted). *See also Shell*, 148 P.3d at 170 (Colorado Supreme Court "has the exclusive authority to punish the unauthorized practice of law with contempt"). Ms. Sanders' purported counterclaims do not create federal question jurisdiction.

Moreover, Ms. Sanders' putative counterclaims are legally suspect. Ms. Sanders alleges that she is acting under a statutory power of attorney that is not an authorization to practice law. Further, the Tenth Circuit has held that "absolute prosecutorial immunity . . . extends to 'bar officials charged with the duties of investigating, drawing up, and presenting cases involving attorney discipline,' and that such officials 'enjoy absolute immunity from damage claims for such functions.' " *McCormick v. City of Lawrence, Kansas*, 253 F. Supp. 2d 1156, 1165-66 (D. Kan. 2003) (quoting *Clulow v. State of Oklahoma*, 700 F.2d 1291, 1298 (10th Cir. 1983), *overruled on other grounds*, 731 F.2d

640, 648-51 (10th Cir. 1983) (*en banc*) and 827 F.2d 675 (10th Cir. 1987)). It "is clear that investigating the unauthorized practice of law -- though removed from the judicial process -- is a function that warrants absolute immunity." *McCormick*, 253 F. Supp. 2d at 1166. Nevertheless, it is not for this court to determine the merits of the investigation into the alleged unauthorized practice of law by Ms. Sanders.

In sum, this civil action is properly remanded for lack of subject matter jurisdiction in federal court.

B.      *Younger* Abstention Doctrine

In the alternative, even if the court had subject matter jurisdiction over this action, the three conditions of the *Younger* abstention doctrine are met in this case. *See Chapman*, 472 F.3d at 749.

First, Ms. Sanders is involved in a state civil proceeding that is ongoing and judicial in nature. Ms. Sanders filed this federal action in the midst of the state proceedings, one day after the Colorado Supreme Court denied her Petition to Quash the Notice to Take Deposition and Subpoena to Produce.

Second, Ms. Sanders has not shown that the state court is not an adequate forum to hear her defenses and constitutional challenges to the investigation for alleged unauthorized practice of law. *See Chapman*, 472 F.3d at 749 (10th Cir. 2006) (citing *Joseph A. ex. rel Wolfe v. Ingram*, 275 F.3d 1253, 1274 (10th Cir. 2002) (holding that Younger abstention cannot be avoided by purported class action as long as individual relief can be provided by state court)).

Finally, the investigation of Ms. Sanders' alleged unauthorized practice of law implicates a matter of paramount state interest. *See Middlesex Ethics Committee v. Gaden State Bar Assn.*, 457 U.S. 423, 434 (1982) ("States traditionally have exercised extensive control over the professional conduct of attorneys). Regulation and control of the practice

of law in Colorado is within the exclusive jurisdiction of the Colorado Supreme Court. *Smith v. Mullarkey*, 121 P.3d at 891. *See also Unauthorized Practice of Law Committee of Supreme of Colorado v. Grimes*, 654 P.2d 822, 823 (Colo. 1982) ("It is within our authority to promulgate rules governing the admission and regulation of lawyers, as well as prohibitions against the unauthorized practice of law"). The state's interest is further demonstrated by the fact that the Office of Attorney Regulation Counsel and the Colorado Supreme Court are named as Defendants in the instant action.

The conditions of the *Younger* abstention doctrine having been met, the court must abstain under *Younger* from hearing Ms. Sanders' claims. This civil action is properly dismissed based on the *Younger* abstention doctrine. *See Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) ("*Younger v. Harris* contemplates the outright dismissal of the federal suit . . .").


IV.   Ms. Sanders' Motion for Leave to File Surreply

Ms. Sanders seeks to file a surreply to address "a new issue" raised by the Defendants. Ms. Sanders' proposed surreply once again addresses the merits of the investigation of the unauthorized practice of law. Ms. Sanders' proposed surreply does not address any new issues or shed any further light on the issues before this court.


Accordingly, IT IS ORDERED that "Linda Sanders' Motion for Leave to File Surreply to Address Newly Raised Issue" (filed March 12, 2007) (doc. # 13) is DENIED. Ms. Sanders' Surreply tendered on March 12, 2007 (doc. # 13-2) is rejected.


Further, IT IS RECOMMENDED that:

1.    Defendants' "Motion to Remand Pursuant to 28 U.S.C. § 1447(c) and to Abstain" (filed February 15, 2007) (doc. # 6) be GRANTED and that this civil action be

remanded to the Colorado Office of Attorney Regulation Counsel and the Unauthorized Practice of Law Committee of the Colorado Supreme Court.

2.	In the alternative, this civil action be dismissed based on the *Younger* abstention doctrine.

3.	Should this action be remanded, a certified copy of the order of remand shall be mailed by the Clerk of the Court to the Colorado Office of Attorney Regulation Counsel and the Unauthorized Practice of Law Committee of the Colorado Supreme Court. *See* 28 U.S.C. § 1447(c).

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make

timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

    DATED at Denver, Colorado, this 6th day of April, 2007.

                          BY THE COURT:

                          s/Craig B. Shaffer
                          United States Magistrate Judge